# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-00224-RJC-DSC

| | |
|---|---|
| GERALD STEVEN WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MEGAN J. BRENNAN, POSTMASTER ) | |
| GENERAL ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Partial Motion to Dismiss" Doc. 10, filed November 1, 2016, and the parties' associated briefs and exhibits, Docs. 14, 15 and 16.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Partial Motion to Dismiss be <u>granted in part and denied in part</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Accepting the allegations of the *pro se* Complaint, Doc. 1, as true, Plaintiff works as a maintenance mechanic for the United States Postal Service ("USPS") at the Charlotte Processing and Distribution Center. Plaintiff filed Equal Employment Opportunity ("EEO") charge numbers 1K-281-0021-14 and 1K-281-0044-14 against Defendant on April 10, 2014 and August 19, 2014 respectively. On December 9, 2014, Plaintiff filed an EEO complaint alleging discrimination based upon retaliation. Plaintiff did not include any factual allegations in his form Complaint but

attached the USPS Final Agency Decision ("FAD"), Doc. 1-2, and portions of the investigative file, Doc. 1-3. The USPS FAD recites twelve grounds on which Plaintiff alleges he was discriminated against based upon his prior EEO activity. Doc. 1-2 at p. 1-2. These grounds can be categorized as follows: (1) that he was not assigned to move a machine to another facility on October 27, 2014; (2) that he was bypassed for overtime on at least four or five occasions; (3) that he was not given a specific work assignments or was given too much work; (4) that management mistreated him; and (5) that his request to have leave coded under the Family Medical Leave Act ("FMLA") was denied. Id.

The investigation of Plaintiff's claims was completed by July 2015, and he timely requested a hearing before an administrative judge. Id. at p. 2. His hearing request was dismissed due to his failure to comply with the administrative judge's order to attend scheduled conferences on two occasions. Id. As a result, the matter was referred to the USPS for issuance of its final agency decision. Id. The FAD issued on February 19, 2016, reflecting an ultimate determination that "…the evidence does not support a finding that the complainant was subjected to discrimination as alleged," and resolving the complaint "with a finding of no discrimination." Id. at p. 35.

On May 9, 2016, Plaintiff filed a form Complaint in this Court alleging violations of Title VII of the Civil Rights Act of 1964 as amended ("Title VII") and the Equal Pay Act of 1963 (the "EPA"), Doc. 1, and seeking compensatory damages for loss of health, quality of life, interest on items due to loss of income, general money damages, reimbursement for mailing EEO paperwork, future damages, attorneys' fees, and costs. See Doc. 1-3 at p. 4. On November 1, 2016, Defendant filed this Partial Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Motion to Dismiss has been briefed and is now ripe for review.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The presence of subject matter jurisdiction is a threshold issue the court must determine before considering the merits of a case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff has the burden of proving that subject matter jurisdiction exists. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. Plaintiff's failure to exhaust administrative remedies under federal anti-discrimination laws is properly the subject of a motion to dismiss under Rule 12(b)(1). See Satterwhite v. Wal-Mart Stores E., L.P., No. 5:11-CV-363-BO, 2012 WL 255347, at *3 (E.D.N.C. Jan. 26, 2012); Brodrick v. Napolitano, No. 3:09-CV-450-FDW-DSC, 2010 WL 3397461, at *4 (W.D.N.C. Aug. 25, 2010).

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants[1]. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of this authority, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

### III. DISCUSSION OF CLAIMS

The Court has endeavored to ascertain the relevant facts and claims that Plaintiff has alleged against Defendant. Plaintiff states in his Response that he "does not oppose the Motion as it relates to the Equal Pay Act." Doc. 14 at p.1. Therefore, the undersigned respectfully recommends that this claim be dismissed.

**A. Title VII Hostile Work Environment Claim**

To state a Title VII hostile work environment claim, Plaintiff must allege offending behavior that was: (1) unwelcome; (2) based on a protected characteristic; (3) sufficiently pervasive or severe to alter conditions of employment and to create a hostile work environment;

---

[1] Plaintiff was initially *pro se* when he filed this Complaint. Counsel made a notice of appearance on July 27, 2016 and has represented Plaintiff for purposes of this Motion to Dismiss.

and (4) imputable to the employer. Matvia v. Bald Head Island Mgmt., Inc., 259 F.3d 261, 266 (4th Cir. 2001). As the Supreme Court recognized, "[h]ostile environment claims are different in kind from discrete acts [of disparate treatment]," in that "[t]heir very nature involves repeated conduct" and "are based on the cumulative effect of individual acts." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002).

To satisfy the elements of this claim, Defendant's conduct must be "severe or pervasive" because "Title VII does not create a general civility code in the workplace; it only proscribes behavior that is so objectively offensive as to alter the conditions of the victim's employment." Mosby–Grant v. City of Hagerstown, 630 F.3d 326, 335 (4th Cir. 2010) (evidence that peers and instructors made routine sexist and sexual comments about women and the plaintiff specifically, which resulted in plaintiff's visible emotional distress and decreased job performance, was sufficient to take hostile work environment claim to the jury). In other words, "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." Morgan, 536 U.S. at 116. (citations omitted). The Fourth Circuit recognizes that "Title VII does not provide a remedy for every instance of verbal and physical harassment in the workplace," Lissau v. S. Food Servs., Inc., 159 F.3d 177, 183 (4th Cir.1998), and "it does not guarantee a federal employee a workplace of refinement and sophistication." Hartsell v. Duplex Prods. Inc., 123 F.3d 766, 773 (4th Cir. 1997).

The Court finds that the incidents cited by Plaintiff in his Complaint and the attached documents are not severe or pervasive enough to form the basis for a hostile work environment claim. Plaintiff makes no allegation that he was routinely subject to offensive, odious, abusive or hostile language, nor that he was ever degraded, humiliated or threatened with physical abuse or

harm. At most, Plaintiff may have suffered dismay when he was purportedly yelled at by management on two isolated occasions, believed that he was subject to increased surveillance or investigation, or unceremoniously presented with his thirty-five-year pin. Doc. 1-2 at p. 1-2. The Court finds that this conduct does not meet the high standard articulated by the Supreme Court for a hostile work environment. Plaintiff has failed to allege facts that satisfy the elements of this Title VII claim. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Title VII hostile work environment claim be granted.

### B.  Title VII Failure to Promote Claim

"Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." Bryant v. Bell Atl. Md., Inc., 288 F.3d 124, 132 (4th Cir. 2002); see also 42 U.S.C. § 2000e-5(f)(1); Laber v. Harvey, 438 F.3d 404, 415 (4th Cir.2006)(Federal employees alleging discrimination "must, however, exhaust their administrative remedies before exercising this [Title VII] right."). The general purpose behind this requirement is to afford the employer sufficient notice of the alleged violations and avoid unnecessary litigation. Miles v. Dell, Inc., 429 F.3d 480, 491 (4th Cir. 2005). When a plaintiff fails to exhaust his administrative remedies in a Title VII action, the federal court is deprived of subject matter jurisdiction. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009).

Furthermore, the scope of a federal action is limited by the contents of the EEOC Charge. Id. The Fourth Circuit has held that "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005)(quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d

954, 963 (4th Cir. 1996)). Claims that fall outside the scope of the EEOC Charge are procedurally barred. Dennis v. Cnty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995).

Plaintiff checked the line for "Failure to promote me" on the form Complaint, Doc. 1. However, Plaintiff's Formal Complaint to the EEO, Doc. 10-2, does not include an allegation of discriminatory failure to promote nor is there any indication that Plaintiff raised this issue during the EEO investigation. Doc. 1-2. This claim is barred for failure to exhaust administrative remedies and should be dismissed for lack of subject matter jurisdiction. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Title VII failure to promote claim be granted.

**C. Title VII Discrimination Claim**

Plaintiff's Memorandum in Opposition to Defendant's Partial Motion to Dismiss Complaint, Doc. 15, asserts that he has sufficiently pled a claim of discrimination based upon his race, color, religion, sex, or national origin (Doc. #15 pp. 9-10) in violation of 42 U.S.C. § 2000e2(a), which provides in pertinent part that it is unlawful for an employer to engage in certain discriminatory employment practices "because of [an] individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a) (emphasis added); see also 42 U.S.C. § 2000e-16.

Plaintiff's Complaint alleges that he suffered retaliation and was subjected to a hostile work environment as a result of his prior EEO activity. Doc. 1 at p. 3. He did not allege discrimination based upon race, color, religion, sex, or national origin in his EEO complaint nor did he check the box for race, color, sex, religion, or national origin in his Complaint filed with this Court. See id. and Doc. 10-2. Consequently, these claims are also barred for failure to exhaust administrative remedies and should be dismissed for lack of subject matter jurisdiction. Accordingly, the

undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Title VII discrimination claim be granted.

### D. Title VII Retaliation Claim

The anti-retaliation provision in Title VII provides in pertinent part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any practice made an unlawful employment practice ... or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). In order to establish a prima facie Title VII retaliation claim, a plaintiff must show: "(1) that [he] engaged in a protected activity, as well as (2) that [his] employer took an adverse employment action against [him], and (3) that there was a causal link between the two events." Boyer–Liberto v. Fontainebleau Corp., 786 F.3d 264, 281 (4th Cir.2015) (en banc) (internal quotation marks omitted).

The "anti-retaliation provision serves to 'prevent[ ] an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of the Act's basic guarantees.' " DeMasters v. Carilion Clinic, 796 F.3d 409, 416 (4th Cir. 2015) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 63 (2006). This provision "encourage[s] the early reporting vital to achieve Title VII's goal of avoiding harm." Boyer-Liberto, 786 F.3d at 283.

"An adverse employment action is a discriminatory act that 'adversely affect [s] the terms, conditions, or benefits of the plaintiff's employment.' " Holland v. Wash. Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007) (quoting James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004) ).

Defendant does not dispute that Plaintiff engaged in protected activity by filing EEO charge numbers 1K-281-0021-14 and 1K-281-0044-14 against Defendant on April 10, 2014 and August 19, 2014. Defendant has not made any arguments challenging the causal link between the dates of Plaintiff's protected activity and the twelve alleged adverse actions occurring from October 27, 2014 to April 3, 2015. Defendant argues that the some of the actions alleged by Plaintiff to be materially adverse, such as change in job assignments and mistreatment by management, are not adverse employment actions and therefore those elements of Plaintiff's retaliation claim should be dismissed. However, Defendant concedes in a footnote, "[o]ther conduct alleged by Plaintiff, specifically, that he was bypassed for overtime on certain dates and that one FMLA leave request was miscoded (Doc. #1-2 pp. 1-2), are not the subject of this motion and Defendant does not seek dismissal of any purported Title VII retaliation claim arising out of these alleged adverse actions at this time." Doc. 10-1 at p. 14, fn. 6.

Liberally construing *pro se* Plaintiff's Complaint, the Court finds that it states a plausible claim for relief. Plaintiff does not have to prove his claim at this stage but rather "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555-56).

Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Title VII retaliation claim be denied.

### IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendant's Partial Motion to Dismiss, Doc. 10, be GRANTED IN PART and DENIED IN PART,

that is, all Plaintiff's claims against Defendant be dismissed with prejudice EXCEPT Plaintiff's Title VII Claim for Retaliation.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED.**

Signed: January 25, 2017

David S. Cayer
United States Magistrate Judge